**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4315**

_____

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

    v.

JEMALL ROBERT BLYTHE,

                 Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, Chief District Judge.  (5:13-cr-00206-D-1)

_____

Submitted:  March 8, 2016            Decided:  March 22, 2016

_____

Before WILKINSON, NIEMEYER, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Sarah Jessica Farber, FARBER LAW FIRM, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jemall Robert Blythe appeals the district court's judgment revoking his probation and sentencing him to 11 months' imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that she has found no meritorious grounds for appeal but questioning whether the sentence was substantively reasonable. Blythe was advised of his right to file a pro se supplemental brief, but has not done so.

We review a sentence imposed on revocation of probation under the same standard as a sentence imposed on revocation of supervised release. United States v. Moulden, 478 F.3d 652, 655 (4th Cir. 2007). "A district court has broad discretion when imposing a [revocation] sentence." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not 'plainly unreasonable.'" Id. In conducting this review, we assess the sentence for reasonableness, utilizing "the procedural and substantive considerations" employed in evaluating an original criminal sentence. United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). Only if a sentence is unreasonable will we "then decide whether the sentence is plainly unreasonable." Id. at 439. A sentence is presumed reasonable if it is within a range properly calculated under

2

Chapter Seven of the United States Sentencing Guidelines Manual. <u>Webb</u>, 738 F.3d at 642. We hold that Blythe has failed to rebut the presumption that his within-range sentence is reasonable.

In accordance with <u>Anders</u>, we have reviewed the entire record for any meritorious grounds for appeal and have found none. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Blythe, in writing, of his right to petition the Supreme Court of the United States for further review. If Blythe requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Blythe. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>